IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VICTORIA A. PHILLIPS,           §
                                §
            Plaintiff,          §
                                §
V.                              §           No. 3:24-cv-1017-X-BN
                                §
GEICO INSURANCE CO., ET AL.,    §
                                §
            Defendant.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This civil action was opened on Plaintiff Victoria A. Phillips's motion for leave to proceed *in forma pauperis*. *See* Dkt. No. 3.

And United States District Judge Brantley Starr referred Phillip's action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Phillips (who alleges residence in Nebraska) has now filed a complaint against GEICO Insurance Company (alleged to reside in Texas, California, and West Virginia), through which Phillips seeks millions of dollars in damages, claiming that, earlier this year, GEICO allowed a total stranger to be added to her insurance policy and thereby committed fraud, overbilled and extorted her, and violated the Racketeer Influenced and Corrupt Organizations ("RICO") Act. *See* Dkt. No. 6.

It is not clear from the conclusory assertions of the complaint that Phillips has alleged more than an insubstantial civil RICO claim, such that there is subject matter jurisdiction under 28 U.S.C. § 1331. *Cf. D&T Partners, L.L.C. v. Baymark Partners*

*Mgmt., L.L.C.*, 98 F.4th 198, 204 (5th Cir. 2024) ("When drafting the legislation, Congress incorporated provisions in RICO that allow private plaintiffs to seek redress in federal court…. Even so, pursuing that recovery is often a challenging undertaking. Problems typically arise at the pleadings stage, as courts are hesitant to find RICO violations, and plaintiffs have difficulty alleging them." (citations omitted)).

But, insofar as there is subject matter jurisdiction under 28 U.S.C. § 1332, Phillips still has not shown any connection between her claims and this federal judicial district, such that venue is proper here, even under the broader RICO venue provisions.

To the extent that Phillips relies on those provisions, "to determine proper venue here, the Court looks to the general venue provision, [28 U.S.C. §] 1391, as augmented by the RICO venue provisions," 18 U.S.C. § 1965(a) and (b). *Sissom v. Univ. of Tex. High Sch.*, No. 3:17-cv-1512-G-BN, 2017 WL 2505231, at *1 (N.D. Tex. June 9, 2017) (citing *S.D. Warren Co. v. Engelman*, Civ. A. No. 87-8339, 1988 WL 97661, at *4 (E.D. Penn. Sept. 21, 1988) ("The RICO venue provisions are not exclusive, but are supplemental to those found in 28 U.S.C. § 1391." (collecting cases))); *accord Gross v. Stufflebean*, No. 3:21-cv-3107-L-BH, 2021 WL 5920719 (N.D. Tex. Dec. 15, 2021).

> Under the general provision, venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. See 28 U.S.C. § 1391(b); *cf. Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 144, 147 (D.D.C. 2008) ("Civil RICO is a statutory tort remedy – simply one with particularly drastic remedies. To determine where

transactional venue will lie in a tort action, courts typically look to where the allegedly tortious actions occurred and where the harms were felt." (citations, internal quotation marks, and ellipses omitted)).

But the RICO venue provisions … are broader. Section 1965(a) "states that a civil action against a person under RICO may be instituted in the district court of the United States for 'any district in which the person resides, is found, has an agent, or transacts his affairs,' " but the seemingly broad " 'transacts his affairs' language of the statute has been construed to require a level of regular, substantial and continuous activity within the forum so as to establish venue." *Anchor Glass Container Corp. v. Stand Energy Corp.*, 711 F. Supp. 325, 329-30 (S.D. Miss. 1989) (quoting 18 U.S.C. § 1965(a); citations omitted). And Section 1965(b), "intended to enable a plaintiff to bring before a single court for trial all members of a nationwide RICO conspiracy," "effectively operates as a waiver of the applicable venue requirements if the 'ends of justice' so require." *Id.* at 330 (citations omitted).

*Sissom*, 2017 WL 2505231, at *1.

Even if GEICO operates in Texas, Phillips's allegations reveal that venue is improper in this district under both Section 1391(b) and 1965 where no actions by GEICO are alleged to have occurred in this district (but instead the correspondence from GEICO included in the complaint came from San Diego, California), so "none of the events in dispute took place here." *Crenshaw v. Antokol*, 287 F. Supp. 2d 37, 44 (D.D.C. 2003) ("The court concludes that venue in the District is improper under both section 1391(b) and section 1965.... The vast majority of the defendants have no ties whatsoever to the District and none of the events in dispute took place here." (collecting cases)).

"Where venue is improper, the district court should generally dismiss the case." *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022). "But the court retains discretion to transfer it to a proper venue if such a transfer would serve 'the interest of justice.'" *Id.* (quoting 28 U.S.C. § 1406(a) (providing that "[t]he district court of a

district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought")).

"The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

Here, a review of Phillips's complaint reveals that it would not serve the interest of justice to transfer her claims. *Compare Tobias v. Collins*, 56 F.3d 1385, 1995 WL 337754, at *3 (5th Cir. May 19, 1995) ("Tobias has failed to allege even the thinnest factual support or basis for this conclusory claim; the claim is thus frivolous. The district court was well within its discretion to conclude that it was not in the interests of justice to transfer, rather than dismiss, this portion of the case. We find no abuse of discretion." (citation omitted)), *with Moler v. Wells*, 18 F.4th 162, 167 n.8 (5th Cir. 2021) ("We note that because Moler's FTCA claim appears non-frivolous and because the statute of limitations would prevent him from refiling the claim in another court if this case were dismissed, it likely would be in the interest of justice to transfer this case if the district court concludes that venue is not proper." (citations omitted)).

The Court should therefore dismiss the complaint for improper venue.

## Recommendation

The Court should dismiss the complaint without prejudice under 28 U.S.C. § 1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 13, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE